SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X
CARLOS GUZMAN and MANUEL DEJESUS VASQUEZ, individually and on behalf of all others similarly situated,

Index No: 602277/2021

**FIRST AMENDED
CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiffs,

-against-

BACTOLAC PHARMACEUTICAL, INC. and CHOICE LONG ISLAND, INC.,

Defendants.
---------------------------------------------------------------------X

Plaintiffs Carlos Guzman ("Guzman") and Manuel De Jesus Vasquez ("Vasquez"), (together the "Plaintiffs"), individually and on behalf of all others similarly situated, as representatives, by their attorneys, the Moser Law Firm, P.C., as and for their complaint in this action against Bactolac Pharmaceutical, Inc. ("Bactolac") and Choice Long Island, Inc. ("Choice")(together the "Defendants") hereby allege as follows:

## THE PARTIES

1.      Plaintiff Guzman is a natural person and a resident of the State of New York, County of Suffolk.

2.      At all times relevant herein, Guzman, met the definition of an "employee" under Labor Law § 190(2) and 29 U.S.C. § 203(e).

3.      Plaintiff Vasquez is a natural person and a resident of the State of New York, County of Suffolk.

4.      At all times relevant herein, Vasquez, met the definition of an "employee" under Labor Law § 190(2) and 29 U.S.C. § 203(e).

1

5. Defendant Bactolac is a Delaware corporation licensed to do business in the State of New York.

6. At all times relevant herein, Defendant Bactolac met the definition of an "employer" under Labor Law § 190(3) and 29 U.S.C. § 203(d).

7. Defendant Bactolac is a dietary supplement manufacturer with manufacturing facilities in at least two locations – 7 Oser Avenue, Hauppauge, New York and 620 Old Willets Path, Hauppauge, New York.

8. Defendant Bactolac's principal place of business is located at 7 Oser Avenue, Hauppauge, New York.

9. Defendant Choice is a Delaware corporation licensed to do business in the State of New York.

10. At all times relevant herein, Defendant Choice met the definition of an "employer" under Labor Law § 190(3) and 29 U.S.C. § 203(d).

11. Defendant Choice is a staffing agency with offices at 720 Veterans Memorial Highway, Hauppauge, New York 11788.

12. Defendant Choice's principal place of business is located at 720 Veterans Memorial Highway, Hauppauge, New York 11788.

**FACTUAL ALLEGATIONS**

13. Bactolac and Choice entered into a contract whereby Choice agreed to provide staffing to Bactolac.

14. Choice provided staffing to Bactolac within the six-year period preceding the filing of this complaint.

2

*Carlos Guzman*

15. Plaintiff Guzman was hired by Choice on or about January 7, 2019.

16. While employed by Choice, Plaintiff Guzman worked at Bactolac's manufacturing facility located at 620 Old Willets Path in Hauppauge, New York.

17. Guzman was jointly employed by Bactolac and Choice from approximately January 7, 2019 until approximately April 2019.

18. During his employment with Bactolac/Choice, Guzman worked approximately 55 hours per week.

19. Plaintiff Guzman's regular work schedule was from 7 am to 5 pm Monday through Friday, and Saturday from 7 am to 3 or 4 pm with a ½ hour lunch break each day.

20. Upon information and belief, Plaintiff Guzman worked overtime hours on each and every workweek during his employment with Bactolac/Choice.

21. During his employment with Bactolac/Choice, Guzman was paid for all regular (non-overtime) hours by Choice via a weekly payroll check.

22. Guzman was paid $12.00 per hour by Choice.

23. Guzman was paid for overtime hours by Bactolac at a flat rate of $10 per hour, in cash.

24. Bactolac did not furnish Guzman a wage statement for the cash payment of overtime wages.

25. The wage statements furnished by Choice were defective because:

    a. they did not include the cash payment of overtime wages; and

    b. they did not contain the telephone number of the employer, as required by Labor Law § 195(3).

3

26. Guzman was a manual laborer. More specifically, he filled a hopper with whey protein powder.

27. During his employment with Bactolac/Choice, Guzman was paid his overtime every two weeks.

28. During his employment with Bactolac/Choice, Guzman was not paid all of his overtime within 7 calendar days after the end of the week in which the wages were earned.

29. Choice never furnished Guzman the notice required by Labor Law § 195(1).

*Manuel DeJesus Vasquez*

30. Upon information and belief, Plaintiff Vasquez was hired by Choice approximately 5 years ago.

31. Plaintiff Vasquez has been jointly employed for approximately 5 years by Bactolac and Choice.

32. While under the formal employ of Choice, Plaintiff Vasquez has worked at Bactolac's manufacturing facility located at 620 Old Willets Path in Hauppauge, New York.

33. During his employment with Bactolac/Choice, Vasquez has worked approximately 54 hours per week.

34. Plaintiff Vasquez's regular work schedule is from 8:00 am to 6 pm Monday through Friday, and Saturday from 8:00 am to 3 pm with a ½ hour lunch break each day.

35. Upon information and belief, Plaintiff Vazquez worked overtime hours on each and every workweek during his employment with Bactolac/Choice.

36. During his employment with Bactolac/Choice, Plaintiff Vasquez has been paid for all regular (non-overtime) hours by Choice via a weekly payroll check.

37. Vasquez has been paid $14.50 per hour by Choice.

38. Until January 1, 2020, Vasquez was paid for overtime hours by Bactolac at a flat rate of $10 per hour, in cash.

39. Beginning January 1, 2020, Vasquez has been paid for overtime hours by Bactolac at a flat rate of $10 per hour, in cash.

40. Bactolac never furnished Vasquez with a statement for the cash payment of overtime wages.

41. The wage statements furnished by Choice are defective because:

   c. they do not include the cash payment of overtime wages; and

   d. They do not contain the telephone number of the employer, as required by Labor Law § 195(3).

42. Vasquez is manual laborer. More specifically, he cleans the floors and bathrooms.

43. During his employment with Bactolac/Choice, Vasquez has been paid his overtime by Bactolac every two weeks.

44. During his employment with Bactolac/Choice, Vasquez has not been paid all of his overtime within 7 calendar days after the end of the week in which the wages are earned.

45. Choice never furnished Vasquez the notice required by Labor Law § 195(1).

## CLASS ACTION ALLEGATIONS

46. Pursuant to Article 9 of the New York Civil Practice Law and Rules, Plaintiffs bring this class action, on behalf of themselves and a class of persons consisting of:

> All non-exempt employees of Choice who were assigned to work at Bactolac at any time during the period beginning six years prior to the commencement of this action until final judgment (the "Class").

47. Defendants jointly employed the Class.

48. The Class members were not paid for their overtime hours worked at the rate of one- and one-half times their regular rate of pay.

49. The members of the Class are so numerous that joinder of all members is impracticable. The members of the Class are believed to be in excess of 50 individuals. Although the precise number of such employees is unknown, the proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

50. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to (1) whether the Defendants are subject to the miscellaneous industry wage order and specifically 12 NYCRR 142-2.2, and (2) whether the members of Class were paid for their overtime hours worked at one- and one-half times their regular rate of pay.

51. The claims of Plaintiffs are typical of the claims of the Class they seek to represent. Plaintiffs and all of the Class work, or have worked, for Defendants as hourly employees. Plaintiff and the Class enjoy the same statutory rights under the Labor Law and the Miscellaneous Industry Wage order to be paid overtime pay. Plaintiffs and the Class have all sustained similar types of damages as a result of Defendants' failure to comply with the Labor Law and the Miscellaneous Industry Wage Order. Plaintiffs and the Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

52. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiffs recognize that

as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and members of the Class.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Labor Law and the Miscellaneous Industry Wage Order, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. The Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiffs bring Count II (FLSA Overtime) individually and on behalf of all others similarly situated pursuant to, inter alia, 29 U.S.C. § 216(b) against all Defendants.

Plaintiffs and the similarly situated individuals were jointly employed by Bactolac and Choice. The proposed collective is defined as follows:

> All non-exempt employees of Choice who were assigned to work at Bactolac at any time during the three year period prior to the commencement of this action and up to the final judgment.

55. Plaintiffs and the members of the Collective worked substantial overtime hours for which they were not compensated at a rate of one- and one-half times their regular rate of pay.

56. Notice of this action should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who, in violation of the FLSA, have been denied pay at the rate of one- and one-half times their regular rate of pay for their overtime hours worked. Said employees would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to the Defendants and are readily identifiable through the Defendants' records.

## COUNT I

### PLAINTIFFS GUZMAN AND VASQUEZ, INDIVIDULLY AND ON BEHALF OF THE CLASS FOR UNPAID OVERTIME WAGES UNDER 12 NYCRR § 142-2.2

57. Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

58. The Labor Law is applicable to Defendants.

59. The Miscellaneous Industry Wage Order is applicable to Defendants.

60. At all times relevant to this action, Plaintiffs and the members of the Class were employed by Defendants, individually and jointly, within the meaning of the Labor Law.

61. At all times relevant to this action, Plaintiffs and the members of the Class were entitled to overtime pursuant to the Labor Law and the Miscellaneous Industry Wage Order.

62. As set forth above, Plaintiffs and the members of the Class were not paid for the overtime hours they worked at one- and one-half times their regular rate.

63. Defendants' failure to pay Plaintiffs and the members of the Class was and is willful and in bad faith.

64. As a result of the foregoing, Plaintiffs and the members of the Class have been denied earned wages required under the Labor Law and have suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, interest, and/or attorneys' fees and costs.

## COUNT II

PLAINTIFFS GUZMAN AND VASQUEZ, INDIVIDULLY AND ON BEHALF OF THE COLLECTIVE FOR UNPAID OVERTIME WAGES UNDER THE FLSA

65. Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

66. The FLSA is applicable to Defendants as, inter alia, there is enterprise coverage in that, upon information and belief, each of the Defendants do business in excess of $500,000 a year.

67. At all times relevant to this action, Plaintiffs and the members of the Collective were employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

68. At all times relevant to this action, Plaintiffs and the members of the Collective were entitled to overtime pursuant to the FLSA (29 U.S.C. 201 et seq.).

9

69. As set forth above, Plaintiffs and the members of the Collective were not paid for the overtime hours they worked at one- and one-half times their regular rate as required by the FLSA.

70. Defendants' failure to pay Plaintiffs and the members of the Collective was and is willful and in bad faith.

71. As a result of the foregoing, Plaintiffs and the members of the Collective have been denied earned wages required under the FLSA and have suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and/or attorneys' fees and costs.

## COUNT III

PLAINTIFFS GUZMAN AND VASQUEZ INDIVIDUALLY FOR FAILURE TO PROVIDE LABOR LAW § 195 (3) STATEMENTS

72. Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

73. Pursuant to Labor Law § 195(3), Defendants were obligated to provide Plaintiffs a statement with every payment of wages listing, inter alia, the following: the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

74. Bactolac failed to provide Plaintiffs statements with the cash payment of overtime wages.

75. The wage statements furnished by Choice were defective because:

    a. they did not include the cash payment of overtime wages.

10

  b. they did not contain the employer's telephone number.

76. As a result of the foregoing, Plaintiffs are each entitled to liquidated damages in an amount of up to $5,000 plus costs and reasonable attorneys' fees.

## COUNT IV

### PLAINTIFFS GUZMAN AND VASQUEZ INDIVIDUALLY FOR FAILURE TO TIMELY PAY WAGES UNDER LABOR LAW § 191

77. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78. Plaintiffs were manual workers as defined by the Labor Law.

79. Plaintiffs were entitled to be paid all wages and overtime on a weekly basis and no later than seven days after the workweek in which the wages were earned.

80. Defendants willfully failed to pay the Plaintiffs overtime wages as frequently as required by Labor Law § 191.

81. Defendants willfully failed to pay overtime wages to the Plaintiffs all overtime wages within seven days after the end of each workweek in which wages were earned as required by Labor Law § 191.

82. Due to Defendants' violations of the Labor Law, Plaintiffs are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V

### PLAINTIFFS GUZMAN AND VASQUEZ INDIVIDUALLY FOR FAILURE TO FURNISH A HIRING NOTICE AS REQUIRED BY LABOR LAW § 195(1)

2. Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

11

3. Pursuant to Labor Law § 195(1), Defendants were obligated to provide Plaintiffs at the time of their hiring with a notice containing, inter alia, the following information: the employee's rate of pay, allowances to be taken, the regular payday, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address if different, and the telephone number of the employer.

4. Defendants failed to furnish to Plaintiffs with such notice.

5. As a result of the foregoing, Plaintiffs are each entitled to an amount of up to $5,000 plus costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs and the members of the Class and Collective pray that the Court enter judgment in their favor and against Defendants, containing the following relief:

A. On COUNT I for overtime wages under the Labor Law, awarding Plaintiffs and the members of the Class damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, interest, and/or attorneys' fees and costs;

B. On COUNT II for overtime wages under the FLSA, awarding Plaintiffs and the members of the Collecive in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, interest, liquidated damages and/or attorneys' fees and costs;

C. On COUNT III for wage statement violations, awarding Plaintiffs amounts of up to $5,000 each plus costs and reasonable attorneys' fees;

D. On COUNT IV for delayed wages, awarding Plaintiffs liquidated damages in the amount of the delayed overtime wages plus costs and reasonable attorneys' fees;

E. On COUNT V for wage notice violations, awarding Plaintiffs amounts of up to $5,000 each plus costs and reasonable attorneys' fees;

F. Such other and further relief as this Court may deem just, proper, and equitable.

Dated: Huntington, New York
March 3, 2021

MOSER LAW FIRM, P.C.

By: _____.
Steven J. Moser, Esq.
*Attorneys for Plaintiffs*
5 East Main Street
Huntington, New York 11743
(516) 671-1150
steven.moser@moserlawfirm.com