# *ALAN J. BENNETT, PLLC*

## *ATTORNEYS AT LAW*

*369 Lexington Avenue*
*Suite 217*
*New York, New York 10017*
*Telephone: (212) 696-2116*
*Facsimile: (212) 696-2115*

November 8, 2022

**VIA ECF**

Honorable Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District Of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   Carlos Guzman and Manuel De Jesus Vasquez, individually and on behalf
> of all others similarly situated vs. Bactolac Pharmaceutical, Inc., Choice Long
> Island, Inc., Steven Klein and Harold Robbins
>
> Index #:  22-CV-04651 (JMA)(ST)

Dear Honorable Judge Joan M. Azrack:

My law firm, along with Outside Legal Counsel, LLP, are counsel for the defendants
STEVEN KLEIN and HAROLD ROBBINS (hereinafter referred to as the "Klein Defendants") in
the above-captioned action (hereinafter "Plaintiffs' Pending Third Action").

This correspondence is respectfully submitted, in accordance with Your Honor's
Individual Practice Rule IV(B), to request permission to file a motion to dismiss the Complaint in
Plaintiffs' Pending Third Action.

Initially, the Klein Defendants support the pending applications of the defendants
BACTOLAC PHARMACEUTICAL, INC. (hereinafter "Bactolac") and CHOICE LONG
ISLAND, INC. (hereinafter "Choice"), to either dismiss this action based upon the Federal Rules
of Civil Procedure Two-Dismissal Rule, or to stay this action pending resolution of a parallel state
court proceeding. *See, infra.*

Rather than needlessly burden this Honorable Court with repetitive filings, initially the
Klein Defendants respectfully adopt and support the procedural history and legal arguments which
form the basis of the pending applications heretofore filed on behalf of both Bactolac and Choice.
*See, ECF Doc. #'s 23 and 24.*

Secondly, while the Klein Defendants were not named as defendants in the parallel state court action (*Guzman, et al. vs. Bactolac Pharmaceutical, Inc.*, *et. al.,* Supreme Court, Suffolk County, Index # 602277/2021- "Plaintiffs' Second [State Court] Action"), it is respectfully submitted that any stay issued by this Honorable Court in Plaintiffs' Pending Third Action, extends to the Klein Defendants. The balance of equities, including promotion of judicial economy, and not having the Klein Defendants engage in  prejudicial duplicative and piecemeal litigation, without being able to assert and pursue any available cross-claims against the co-defendants, favors the extension of any stay to the Klein Defendants *(See generally, Sica vs. Connecticutt, 331 F. Supp. 2d 82 (D. Conn 2004); Diamond "D" Constr. Corp. vs. McGowan, 282 F. 3d 191, 198 (2nd Cir. 2002); Younger vs. Harris, 401 US 37, 54 (1971)),* and pursuant to the abstention doctrine, this Court should respectfully abstain from asserting its jurisdiction over Plaintiffs' Pending Third Action, effectively staying this matter, until the resolution of Plaintiffs' Second [State Court] Action. *See, ECF Doc. #'s 23 and 24.*

Furthermore, the Klein Defendants were named in the initial federal court action (*Guzman, et al. vs. Bactolac Pharmaceutical, Inc., et. al.*, United States District Court, Eastern District of New York, Index # 21-cv-00658- the "Plaintiffs' Initial Federal Court Action"), in which essentially the same causes of action were raised by the same plaintiffs, which the plaintiffs herein voluntarily discontinued to institute Plaintiffs' Second [State Court] Action, only to thereafter seek (again) to voluntarily discontinue to commence the subject Plaintiffs' Pending Third Action, including (again) against the Klein Defendants. As a general matter of law, under the two-dismissal rule, "if [a] plaintiff previously dismissed any federal or state court action based on or including the same claim, a [second] notice of dismissal operates as an adjudication on the merits." *Lin vs. Shanghai City Corp., 2020 WL 624182 (2nd Cir 2020). See also, Commercial Space Management Co. vs. Boeing Co., 193 F. 3d 1074, (9th Cir 1999); Manning vs. S.C. Dep't of Highway & Pub. Transp., 914 F. 2d 44 (9th Cir 1999*); *Federal Rules of Civil Procedure 41(a)(1)(B).*

Accordingly, it is respectfully submitted that Plaintiffs' Pending Third Action violates the two (2) dismissal rule, and as such, Plaintiffs' Pending Third Action should be dismissed as against all defendants herein.

Finally, *assuming arguendo* Plaintiffs' Pending Third Action is not dismissed against all defendants in accordance with any of the foregoing arguments, then it is respectfully submitted that the Complaint fails to properly plead a viable cause of action, in whole or in part, as against the Klein Defendants.

As a general matter law, for purposes of the causes of action raised in Plaintiffs' Pending Third Action, "[a]n employer may include an individual owner who exercises a sufficient level of operational control in the company's employment of employees". *See generally Kalloo vs. Unlimited Mech. Co. of N.Y., Inc., 977 F. Supp 2d 187, 201, citing Irizzary vs. Catsimatidis, 722 F. 3d 99, 104-11 (2nd Cir. 2013)*. However, in order to impose such liability upon such an "individual owner", it must be established that such "individual owner" exercised sufficient control over said employees (such as having the power to hire and fire employees, supervising and controlling employee work schedules or conditions of employment, determining the rate and method of payment, and maintaining employment records). *See generally, Gillain vs. Starjam Rest. Corp., 07-cv-4672, 2009 WL 605790 (EDNY 2009).*

It is respectfully submitted that the Complaint in Plaintiffs' Pending Third Action, as a matter of law, fails as a matter of law to properly allege facts setting forth that the Klein Defendants exercised sufficient control over the plaintiffs to be legally subject to individual liability herein. Rather, all that is alleged is that the Klein Defendants were either founders, officers and/or shareholders of Choice, who, in general, overbroad and boilerplate terms, without setting forth any specific factual predicate, exercised sufficient level of operational control over Choice's employees to be considered an employer and thus subject to individual liability. *See ECF Doc. #1, par. 79-86.*

It is therefore respectfully requested that this Honorable Court schedule a pre-motion conference in contemplation of the filing of a Pre-Answer Motion to Dismiss on behalf of the Klein Defendants.

We thank this Honorable Court for its time and attention, and we are available to provide this Honorable Court with further information as may be needed to address and render a decision on this application.

Very Truly Yours,

Alan J. Bennett (AJB-1635)

cc.     All Defendants (Via ECF)

3